

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 21, 1971

Hon. Harry B. Kelton, Director
Texas National Guard Armory Board
West Austin Station
Austin, Texas 78703

Opinion No. M-890

Re: Questions concerning an
award for the construc-
tion of an armory.

Dear Mr. Kelton:

Your request for an opinion reads as follows:

"Bids for the construction of a National Guard armory in El Paso were opened on 14 June 1971. Contractors were required to include in their bids an alternate to build at a location other than or in addition to the present site.

"As a consequence of this procedure, the results of the two low bids are as follows:

"Ponsford Construction Company
Base bid and all alternates,
except the new site      $299,810

Alternate to construct at
the new site      1,700
     $301,510

"Croom Construction Company
Base bid and all alternates,
except the new site      $298,780

Alternate to construct at the
new site      4,750
     $303,530

-4338-

"Since armories are constructed under the provisions of PL 783 on a 75% Federal, 25% State funding basis, invitations to bids were advertised at this time to preclude the loss of Federal participating funds for this project or other possible disadvantages if the Federal money is not obligated by the end of the Federal FY 1971, or on 30 June 1971.

"The matter of a base and an alternate site as a part of the bidding consideration has been occasioned by a possible exchange of properties between the State of Texas and the Federal Government, the authority for which is now pending in the U. S. Congress.  In the event the legislation is effected, the new or alternate site, which is much more suitable, would be the one designated for construction of the armory.  Should the legislation fail to pass, construction on the present site would result.

"Your opinion is requested as follows:

"Under the competitive bid law, does the Armory Board have authority to award the contract to the Croom Construction Company, which is lowest with regard to the present site and to issue a change order when and if Congress enacts legislation to effect an exchange of sites?

"In the event your opinion pertaining to the above question is negative, can the Armory Board contract with the Ponsford Construction Company for construction of the armory at the alternate location when that site is not owned by the State, for the reason stated above, and delay issuance of a work order pending favorable Congressional action with regard to the exchange of properties?

"Since the above two questions and the bidding
involve the unknown factors of the element of time,
as related to a fixed bid, price, and Congressional
action, can a valid contract be entered into with
either of the above construction companies?

"...."

In Texas Highway Commission v. Texas Association of Steel
Importers, 372 S.W.2d 525 (Tex.Sup. 1963), the Supreme Court of
Texas cited with approval a statement in Sterrett v. Bell, 240
S.W.2d 516, 520 (Tex.Civ.App. 1951), setting forth the require-
ments and purposes of competitive bidding as follows:

"'Competitive bidding' requires due advertise-
ment, giving opportunity to bid, and contemplates
a bidding . . . upon the same thing.  It requires
that all bidders be placed upon the same plane
of equality and that they each bid upon the same
terms and conditions involved in all the items
and parts of the contract, and that the proposal
specify as to all bids the same, or substantially
similar specifications.  Its purpose is to stimu-
late competition, prevent favoritism and secure
the best work and materials at the lowest practicable
price, for the best interests and benefit of the
taxpayers and the property owners.  There can be
no competitive bidding in a legal sense where the
terms of the letting of the contract prevent or
restrict competition, favor a contractor or
material man, or increase the cost of the work
or of the materials or other items going into
the project."

In the instant case all bidders were placed upon the
same plane of equality and each bid upon the same terms and con-
ditions involved in all items and parts of the construction pro-
ject.  In the invitation for bids Alternate No. 5 stated:

"Bidder must show the amount to be added to
his total bid price for construction of the armory
and all facilities on the alternate site as shown
on sheets No. 2-A, 3-A and 4-A of the plans.  Site
work, utility lines extension, access roads and
curbs only are affected.  All other work remains
unchanged."

In determining the lowest responsible bidder the award-
ing agency is not performing a mere ministerial duty but is exer-
cising a duty which is deliberative and discretionary.  Attorney
General's Opinion V-1536 (1952).  The awarding agency may take
into consideration among other things the ability, capacity,
experience, efficiency and integrity of the bidders as well as
their financial responsibility.  Attorney General's Opinion V-1565
(1952).  In exercising honest judgment the awarding agency's
determination of the lowest and best bid will not be interfered
with in the absence of fraud or an abuse of discretion.  Attorney
General's Opinion V-1565, supra.

In view of the foregoing, your questions are answered as
follows:

If, in the opinion of the Armory Board, it is for the best
interest and benefit of the State under the facts submitted, it
may award the contract to the Croom Construction Company, which is
lowest with regard to the present site and issue a change order
when and if Congress enacts legislation to effect an exchange of
sites.

If, in the opinion of the Armory Board, it is for the best
interest and benefit of the State under the facts submitted, it
may award the contract to Ponsford Construction Company for
construction of the armory at the alternate location when that
site is not owned by the State and delay issuance of a work order
pending favorable Congressional action with regard to the
exchange of properties.

In other words, it is our opinion that either contract may be awarded by the Armory Board in the exercise of its sound judgment and neither award would in our opinion constitute an abuse of discretion under the facts submitted.

## S U M M A R Y

Where the cost of construction of an armory varies as to alternate sites to be named by the Armory Board, which involve unknown factors of the element of time as related to fixed bid, price and Congressional action, it is within the sound discretion of the Armory Board to determine the lowest and best bid as will be for the best interest and benefit of the State.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Pat Bailey
Mike Stork
R. D. Green
Roger Tyler

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant